# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL BENSON AND DAVID T. JACKSON,<br><br>　　　　　Plaintiff,<br>vs.<br>JEREMIAH BARRY,<br>　　　　　Defendant. | CASE NO. 08cv1186 BTM (AJB)<br>**ORDER GRANTING MOTION TO DISMISS** |

On November 19, 2008, Defendant Jeremiah Barry filed a Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC"). Alternatively, Defendant moved for a More Definite Statement under Federal Rule of Civil Procedure 12(e). For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiffs David T. Jackson and Carl Benson were allegedly co-tenants in Apt. No. 23 at the Felton Courtyard, located at 4240 Felton St., San Diego, CA, 92104. (FAC ¶ 1.) According to Defendant, Jackson became a tenant around May, 2007. (Barry Decl. ¶ 4.) Defendant claims Benson moved into Jackson's unit (but did not officially sign a lease) around October or November, 2007. (Id.) Defendant alleges that he is merely the property manager of Felton Courtyard, while Jon Hall is the owner and landlord. (Barry Decl. ¶ 3.)

Plaintiffs are African-American. (FAC ¶ 6.)

Plaintiffs initially filed a Complaint with the Court on July 2, 2008. On July 9, 2008, the Court ordered Plaintiffs to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. On September 29, 2008, the Court dismissed the case without prejudice and granted Plaintiffs leave to file an amended complaint within forty-five days.

On October 15, 2008, Plaintiffs filed their FAC. Plaintiffs' FAC appears to make generalized accusations of discrimination by Barry and complaints regarding the standard of living conditions at Felton Courtyard. Plaintiffs also claim specifically that Barry prohibited them from engaging white guests at their residence. (FAC ¶ 10.) The FAC does not clearly state whether Plaintiffs allege that their eviction was based on their race. Rather, Plaintiffs state that "Barry began retaliatory eviction for alleged non payment [sic] of rent," which they claim to have paid. (FAC ¶ 12.)

Plaintiffs' FAC brings four causes of action. Plaintiffs appear to assert their first claim, "denial of full enjoyment and use," under several provisions of the California Unruh Civil Rights Act. The FAC's second cause of action, also under the Unruh Civil Rights Act, appears to claim Defendant intentionally, or with reckless disregard, caused Plaintiffs emotional distress. Plaintiffs' third cause of action allegedly comes under 42 U.S.C. § 1983 ("Section 1983") for "ignoring dangerous conditions . . . and providing inferior living conditions." Finally, Plaintiffs' bring their fourth claim pursuant to the Unruh Civil Rights Act for Defendant's "failure to modify existing policies and procedures" that denied Plaintiffs "equal accommodations," seemingly on the basis of their race.

On November 19, 2008, Defendant filed the instant Motion to Dismiss, or, in the alternative, Motion for a More Definite Statement. On December 9, 2008 Plaintiff Benson filed a response. On January 2, 2009, Defendant filed his reply.

## II. DISCUSSION

Defendant's Motion to Dismiss first argues that the Court should dismiss Plaintiffs' Section 1983 cause of action for failure to state a claim upon which relief may be granted.

Because Defendant argues that Plaintiffs' only federal cause of action fails to state a claim, he asserts that the Court lacks subject matter jurisdiction and must dismiss the remainder of Plaintiffs' FAC, all state law claims. Finally, if the Court declines to dismiss Plaintiffs' FAC, Defendant requests that the Court order Plaintiffs to file a more definite statement.

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must set forth only a "short and plain statement" of the claim showing that plaintiff is entitled to relief. Conley v. Gibson, 355 U.S. 41, 47 (1957). When reviewing a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded facts of the complaint as true and construes them in the light most favorable to the nonmoving party. Decker v. Advantage Fund, Ltd., 362 F.3d 593, 595 (9th Cir. 2004).

Defendant argues that Plaintiffs' Section 1983 cause of action must fail because it alleges no state action. To establish a claim under Section 1983, a plaintiff must show only (1) that the conduct engaged in by the defendant was under the color of state law; and (2) that such conduct subjected the plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States. Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962). The "under-color-of-state-law element of [Section] 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted). Conduct by private individuals may, however, constitute action "under the color of state law" where there is "significant" state involvement. Howerton v. Gabica, 708 F.2d 380, 383 (9th Cir. 1983). Whether state involvement is "significant" is a factual determination. Id.

Contrary to Defendant's argument, courts have held, in certain circumstances, that eviction of a tenant by a private landlord constituted state action under Section 1983. First, courts have found state involvement significant where the government subsidized tenants' rent and subjected the landlord to substantial regulation. Swann v. Gastonia Housing

1 | *Authority*, 675 F.2d 1342, 1346 (4th Cir. 1982) (finding state action for purposes of a 14th amendment constitutional claim where landlord participated in Section 8 Existing Housing Program pursuant to which the government paid a major portion of each month's rent and landlord was required comply with significant regulation); see also *Gallman v. Pierce*, 639 F. Supp. 472, 481–482 (N.D. Cal. 1986) (holding that eviction constituted state action where landlords received housing assistance payments from the government under Section 8 and the Secretary of Housing and Urban Development had established complex accompanying regulatory and statutory scheme). Second, courts have held that private landlords acted under the color of state law where state officials willfully jointly participated with them to evict tenants from their property. See *Howerton*, 708 F.2d at 384–385 (finding private landlords acted under color of state law where police officer actively intervened in the eviction and created the appearance that it was police-sanctioned).

Plaintiffs' FAC, however, fails to allege any state action at all, and therefore does not sufficiently state a claim under Section 1983. The only named defendant in this case is Barry, a private individual. Even accepting all well-pleaded facts of the FAC as true, and construing them in the light most favorable to Plaintiffs, the FAC complains solely about Barry's private actions, and claims no nexus between him and the state. Plaintiffs do not allege that Barry or Felton Courtyard received government rental subsidies or were subject to substantial regulation. Plaintiffs likewise fail to claim any involvement of state officials in their eviction. Therefore, the Court finds that Plaintiffs have failed to sufficiently state a claim under Section 1983. The Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiffs' third cause of action.

Although the Fair Housing Act prohibits discriminatory housing practices by private individuals, Plaintiffs bring no claims pursuant to this federal law. Rather, Plaintiffs bring their remaining claims entirely under state law. The Court may decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because jurisdiction here was based solely on Plaintiffs' Section 1983 claim, the Court declines to exercise supplemental jurisdiction over Plaintiffs'

remaining claims.  The Court thus **GRANTS** Defendant's Motion to Dismiss Plaintiffs' first, second, and fourth causes of action.

### III.  CONCLUSION

The Court hereby **DISMISSES** this case in its entirety without prejudice.  The Court grants leave for Plaintiffs to amend their complaint and directs Plaintiffs to file any amended complaint within 15 days of the date of this order.

**IT IS SO ORDERED.**

DATED:  February 3, 2009

Honorable Barry Ted Moskowitz
United States District Judge